IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR116** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **EVEREADA KOURIS,** | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report and Addendum ("PSR") in this case. The Government has adopted the PSR and Addendum (Filing No. 597), and the Defendant Evereada Kouris has raised objections to it (Filing No. 601). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

Kouris objects to Paragraphs 36 and 93 of the PSR, arguing that there is no evidence that she willfully intended to interfere with the investigation of this case and that there is no evidence that her contact with the case agent was either intended to obstruct justice or would have resulted in a "material hindrance" to the investigation. She contends, therefore, that there should be no enhancement for obstruction of justice and that her base offense level should be 28.

Kouris also objects to Paragraphs 32 and 33 on the basis that the trial evidence does not support the conclusions in those paragraphs. For example, Kouris argues that there is no evidence that Defendant Dale Giles ever disclosed his income from the conspiracy to her, but rather, there is evidence to support a finding that she had no knowledge of the money Giles had derived from the conspiracy until after Giles' arrest. Kouris also objects to the statement that Lavelle Giles delivered proceeds and/or marijuana to Kouris so that she could arrange for the sale of the marijuana on the basis that none of

the government's trial witnesses testified that she was involved with them in any illegal activity before or after Giles' arrest, regardless of what Giles may have directed her to do during their phone conversations.

The Government asks the Court to take judicial notice of the trial proceedings.

IT IS ORDERED:

1.  The parties are notified that the Court will take judicial notice of the trial proceedings in this matter;

2.  Counsel will be heard before sentencing with regard to the objections to paragraphs 32, 33, 36 and 93;

3.  In all other respects, the Court tentative findings are that the PSR is correct;

4.  If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.  Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 22nd day of January, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge